UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| MICHAEL TATLOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:12-CV-502 WL |
| | ) | |
| BETH LIMING and | ) | |
| WENDY REYNOLDS, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Michael Tatlock, a *pro se* prisoner, filed a complaint in Henry Circuit Court which was removed by the defendants, Cass County Clerk Beth Liming and Cass County Deputy Clerk Wendy Reynolds.[1] (DE 1.) The defendants move to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). (DE 15.) The plaintiff has filed an opposition to the motion, and also seeks the appointment of counsel to represent him in this matter. (DE 28, 29.) For the reasons stated below, this action is dismissed with prejudice.

I. Facts

This case has a convoluted procedural history. In March 2008, Mr. Tatlock filed a federal lawsuit under 42 U.S.C. § 1983 against Cass County Sheriff Gene Isaac and various employees at the Cass County Jail. *Tatlock v. Isaac, et al.*, No. 3:08-CV-150 (N.D. Ind. filed Mar. 28, 2008). He alleged that he was denied adequate medical care at the jail in August 2006. *Id.*, DE 1. In October 2008, the case was screened pursuant to 28 U.S.C. § 1915A, and the Court

---

[1] The case was originally removed to the U.S. District Court for the Southern District of Indiana, and in September 2012 was transferred to this Court pursuant to 28 U.S.C. § 1404. (DE 19.)

determined that Mr. Tatlock failed to allege a plausible claim of deliberate indifference under the Fourteenth Amendment. *Id.*, DE 9. Accordingly, his federal claims were dismissed with prejudice. *Id.* at 1-6. The Court declined to exercise supplemental jurisdiction over any state law claims included in the complaint, and these claims were dismissed without prejudice to Mr. Tatlock's right to pursue them in state court. *Id.* at 6-7.

In January 2009, Mr. Tatlock refiled his case in Cass Circuit Court alleging claims of medical malpractice. (DE 15-7; DE 15-8.) In September 2009, the case was dismissed on numerous grounds. (DE 15-10.) Among other grounds, the court concluded that Mr. Tatlock's claims were barred by the two-year statute of limitations and that he failed to comply with the Indiana Tort Claims Act, IND. CODE § 34-13-3, and the Indiana Medical Malpractice Act, IND. CODE § 34-18-2, before bringing his suit. (*Id.* at 1-2.)

Mr. Tatlock filed a timely appeal to the Indiana Court of Appeals. (DE 15-12.) On October 9, 2009, the trial court clerk filed a notice of completion of clerk's record with the appellate court. (DE 15-12 at 2.) The notice indicated that no transcript had yet been completed. (*Id.*) On April 15, 2010, Mr. Tatlock's appeal was dismissed with prejudice. (DE 15-1 at 1.) The court held that Mr. Tatlock failed to timely perfect the record on appeal, because he did not file a motion pursuant to INDIANA APPELLATE RULE 10(G) to compel the issuance of the transcript.[2]

---

[2] That rule provides: "If the trial court clerk . . . fails to issue, file, and serve a timely Notice of Completion of Transcript required by Rule 10(D), the appellant shall seek an order from the Court of Appeal compelling the trial court clerk . . . to issue, file, and serve Notice of Completion of Transcript. Failure of appellant to seek such an order not later than fifteen (15) days after the Notice of Completion of Transcript was due to have been issued, filed, and served shall subject the appeal to dismissal." IND. APP. R. 10(G). The court notes additionally that the rules place the burden on the appellant to make arrangements with the court reporter for payment of the costs of preparing the transcript. IND. APP. R. 9(H).

2

(DE 15-1 at 1.) After his appeal was dismissed, Mr. Tatlock filed a petition to transfer with the Indiana Supreme Court, but it was found to be defective on numerous grounds. (DE 15-12 at 2.) He was given an opportunity to correct the deficiencies, but he failed to do so. (*Id.* at 2-3.) In July 2010, his petition was returned to him by the Indiana Supreme Court. (*Id.* at 3.)

Thereafter, Mr. Tatlock initiated the present lawsuit against the defendants. (DE 1-1 at 2-9.) He alleges that they violated his due process and equal protection rights under the Fourteenth Amendment by failing to send a "copy of the clerk's record on time," precipitating the dismissal of his appeal. (DE 1-1 at 3.) He also alleges that the defendants violated his right of access to the courts under the Indiana Constitution. (*Id.*) He seeks $100,000 in compensatory and punitive damages from each defendant. (*Id.* at 7.)

II.     Motion to Appoint Counsel

As an initial matter, Mr. Tatlock requests that the Court appoint counsel to represent him. (DE 28.) Unlike criminal defendants, indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court. *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). However, the Court may in its discretion recruit *pro bono* counsel under 28 U.S.C. § 1915 when the circumstances warrant it. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc). When confronted with a request for *pro bono* counsel under § 1915(e)(1), the Court is to making the following inquires: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Id*. If the litigant has made no reasonable attempts to secure counsel on his own, "the court should deny [the request] outright." *Jackson*, 953 F.2d at 1073.

3

In his motion, Mr. Tatlock does not outline any efforts he has made to obtain counsel on his own, nor does he argue that he has been effectively precluded from doing so. This alone warrants denial of the motion. Furthermore, at present the only matter before the court is the motion to dismiss, and Mr. Tatlock does not argue that he is unable to respond to the motion without the assistance of counsel. His filings indicate that he is fully literate and capable of articulating his position to the Court, and he has already filed a response to the motion. (DE 29.) Accordingly, his motion for the appointment of counsel will be denied.

III.   Motion to Dismiss

When deciding a motion to dismiss, the Court must accept all well-pleaded allegations in the complaint as true and must construe the complaint in the light most favorable to the plaintiff.[3] *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). To survive dismissal under federal pleading standards, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. In deciding whether the complaint states a claim, the court must consider that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

---

[3] In deciding a motion to dismiss under RULE 12(b)(6), the Court may properly look to the complaint itself, documents attached to the complaint, documents that are central to the complaint or referred to within it, and documents subject to judicial notice such as public records. *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). Here, the Court takes judicial notice of all of Mr. Tatlock's prior court filings.

The defendants first argue that Mr. Tatlock's claims are time-barred. (DE 15 at 1-2.) Upon review, the Court agrees. The applicable statute of limitations for Mr. Tatlock's federal and state law claims is two years. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). The events giving rise to this suit occurred between October 2009 and January 2010, when the defendants allegedly failed to send the transcript to the state court of appeals in accordance with their duties. *See* IND. R. APP. P. 11(B), (C) (transcript must be prepared, certified, and filed with the appellate court within 90 days of the notice of appeal, unless an extension is granted). This action was filed on April 20, 2012,[4] well over two years after the defendants' alleged omission.

In his response to the motion, Mr. Tatlock argues that he was not aware until April 1, 2010, that the defendants had not complied with their duty to transmit portions of the record to the appellate court. (DE 29.) This argument is weak, since under state law he is charged with notice and had an obligation to perfect the appellate record 15 days after the transcript was due, which was well before April 1, 2010. *See* IND. APP. R. 10(G), 11(B). However, even accepting his argument that his claim did not accrue until April 1, 2010, the statute of limitations would have run on April 1, 2012, and the complaint would still be untimely. Accordingly, this action must be dismissed.

The defendants argue in the alternative that even if the complaint were deemed to be timely, it fails to state a plausible claim for relief. (DE 16 at 9-15.) Again, the Court agrees. In

---

[4] The complaint was file-stamped by the court clerk on June 26, 2012; however, the state court docket and other records reflects that Mr. Tatlock's filings were actually received by the clerk on April 20, 2012. (DE 1-8 at 1; DE 7 at 44.) Under Indiana's prison mailbox rule, a document sent by a prisoner through regular mail is deemed "filed" when it is received by the clerk. *Dowell v. State*, 922 N.E.2d 605 (Ind. 2010).

his complaint, Mr. Tatlock alleges federal equal protection and due process claims, as well as a claim under the Indiana Constitution for denial of access to the courts. (DE 1-1 at 2-9.) To establish a claim of discrimination under the Equal Protection Clause, the plaintiff must show that he is a member of a protected class, that he was otherwise similarly situated to persons outside the protected class, and that he was treated differently from persons outside the protected class. *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005). Such claims also require proof of discriminatory motive. *See Washington v. Davis*, 426 U.S. 229, 239-41 (1976). Here, the complaint contains no allegations whatsoever indicating that the defendants intentionally discriminated against Mr. Tatlock on the basis of race or some other prohibited ground. Rather, Mr. Tatlock's claim is that the defendants failed to comply with their obligations under state law, thus prejudicing his ability to pursue his appeal. (*See* DE 1-1 at 3.) This does not state a plausible equal protection claim under federal pleading standards.

Similarly, as to the federal due process claim, Mr. Tatlock alleges at most a violation of state procedural law, which does not give rise to a claim under 42 U.S.C. § 1983. *See Sobitan v. Glud*, 589 F.3d 379, 389 (7th Cir. 2009) ("By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right.") (internal citation omitted); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws" or administrative regulations). Furthermore, Mr. Tatlock had a remedy available under state law to compel issuance of the transcript, but he did not avail himself of this remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (federal due process claim does not lie where an adequate state law remedy exists). Mr. Tatlock's appeal was dismissed not because of an omission by the

defendants, but because of his own failure to perfect the appellate record in accordance with his obligation under state law. Mr. Tatlock does not state a plausible due process claim under these circumstances.

As to the state law claim, Mr. Tatlock seeks damages for an alleged violation of Article I, Section 12 of the Indiana Constitution, which provides: "All courts shall be open; and every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay." The Indiana Supreme Court has never recognized this provision as creating personal "'right' of access to the courts or to bring a particular cause of action to remedy an asserted wrong." *Blanck v. Ind. Dep't of Corr.*, 829 N.E.2d 505, 511 (Ind. 2005); *see also Smith v. Indiana Dept. of Correction*, 871 N.E.2d 975, 985-86 (Ind. Ct. App. 2007) (inmate failed to state claim under Article I, Section 12 of Indiana Constitution since no express or implied right of action for money damages under this provision has been recognized by the Indiana Supreme Court). Mr. Tatlock therefore fails to state a claim for relief. Moreover, even if such a claim were cognizable under state law, nothing in the complaint indicates that Mr. Tatlock complied with the requirements of the Indiana Tort Claims Act, which is a prerequisite to bringing suit against a government actor. *See* IND. CODE § 34-13-3 *et seq*. Accordingly, this claim must be dismissed as well.

For these reasons, the plaintiff's motion to appoint counsel (DE 28) and "Motion Not to Dismiss" (DE 29) are DENIED. The defendants' motion to dismiss (DE 15) is GRANTED, and this action is DISMISSED WITH PREJUDICE.

SO ORDERED.

ENTERED: December 21, 2012

                                                            s/William C. Lee
                                                           William C. Lee, Judge
                                                           United States District Court